AO 245B      (Rev. 09/11)  Judgment in a Criminal Case
             Sheet1

# United States District Court
## Middle District of Louisiana

UNITED STATES OF AMERICA
v.
THANG MINH TRAN
also known as
TOMMY

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)
Case Number:   3:12CR00084-003-BAJ
USM Number:   06154-095

J. David Bourland, Esq.
Defendant's Attorney

**THE DEFENDANT:**
[✔]   pleaded guilty to count(s): I, 5, 6, & 7 of the Indictment .
[ ]   pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ]   was found guilty on count(s) ___ after a plea of not guilty.
      The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| See next page. | | | |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has been found not guilty on counts(s) ___.

[✔]   Count(s) 4 of the Indictment  is dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material changes in economic circumstances.

9/19/2013
Date of Imposition of Judgment

Signature of Judge

BRIAN A. JACKSON, CHIEF JUDGE,
Middle District of Louisiana
Name and Title of Judge

10/3/2013
Date

AO 245B      (Rev. 09/11) Judgment in a Criminal Case
             Sheet 1A

CASE NUMBER:     3:12CR00084-003-BAJ                              Judgment - Page 2 of 7
DEFENDANT:       THANG MINH TRAN also known as TOMMY

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1956(h) | Conspiracy to Launder Monetary Instruments | 4/11/2011 | 1 |
| 18 U.S.C. § 1956(a)(3)(B) | Laundering of Monetary Instruments | 10/19/2010 | 5 |
| 18 U.S.C. § 1956(a)(3)(B) | Laundering of Monetary Instruments | 12/01/2010 | 6 |
| 18 U.S.C. § 1956(a)(3)(B) | Laundering of Monetary Instruments | 04/11/2011 | 7 |

AO 245B      (Rev. 09/11) Judgment in a Criminal Case
              Sheet 2 - Imprisonment

CASE NUMBER:     3:12CR00084-003-BAJ                                                           Judgment - Page 3 of 7
DEFENDANT:       THANG MINH TRAN also known as TOMMY

## IMPRISONMENT

     The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  70 months .

as to Counts one, five, six, and seven, to run concurrently.


[✔]     The court makes the following recommendations to the Bureau of Prisons: That the defendant be placed in a facility as close as possible to Beaumont, Texas, where he can receive drug treatment.


[ ]     The defendant is remanded to the custody of the United States Marshal.


[ ]     The defendant shall surrender to the United States Marshal for this district.
       [ ] at ___ on ___.
       [ ] as notified by the United States Marshal.


[✔]     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
       [ ] before _ on _.
       [ ] as notified by the United States Marshal.
       [✔] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

     Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.


                                                                            UNITED STATES MARSHAL

                                                      By _____
                                                                     Deputy U.S. Marshal

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
           Sheet 3 - Supervised Release

CASE NUMBER:       3:12CR00084-003-BAJ                                              Judgment - Page 4 of 7
DEFENDANT:         THANG MINH TRAN also known as TOMMY

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  2 years .

as to Counts one, five, six, and seven, to run concurrently. The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[ ]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check if applicable.)

[✔]    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check if applicable.)

[✔]    The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

[ ]     The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.  (Check, if applicable.)

[ ]     The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

If this judgment imposes a fine or restitution, it is be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
  Sheet 3 - Supervised Release

| | | |
|---|---|---|
| CASE NUMBER: | 3:12CR00084-003-BAJ | Judgment - Page 5 of 7 |
| DEFENDANT: | THANG MINH TRAN also known as TOMMY | |

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall submit his or her person, property, house, residence, vehicle, papers or computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer.   Failure to submit to a search may be grounds for revocation of release.  The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.  An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his/her supervision and that the areas to be searched contain evidence of this violation.  Any search must be conducted at a reasonable time and in a reasonable manner.

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
   Sheet 5 - Criminal Monetary Penalties

CASE NUMBER:      3:12CR00084-003-BAJ                                                         Judgment - Page 6 of 7
DEFENDANT:        THANG MINH TRAN also known as TOMMY

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

|        | Assessment | Fine | Restitution |
|--------|-----------|------|-------------|
| Totals: | $ 400.00 | $    | $           |

[ ]   The determination of restitution is deferred until _.  An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such determination.

[ ]   The defendant must make restitution (including community restitution) to the following payees in the amounts listed below.

   If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C.§3664(i), all non-federal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---------------|-------------|---------------------|------------------------|
| TOTALS:       | $           | $                   |                        |

[ ]   Restitution amount ordered pursuant to plea agreement .......... $____

[ ]   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ]   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   [ ]   The interest requirement is waived for the         [ ]  fine         [ ]  restitution.

   [ ]   The interest requirement for the [ ] fine [  ] restitution is modified as follows:

 * Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
  Sheet 6 - Schedule of Payments

| | |
|---|---|
| CASE NUMBER:  3:12CR00084-003-BAJ | Judgment - Page 7 of 7 |
| DEFENDANT:  THANG MINH TRAN also known as TOMMY | |

# SCHEDULE OF PAYMENTS

Having accessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  [✔]  Lump sum of $ 400.00   due immediately, balance due

  [] not later than _, or
  [] in accordance     [] C,  [] D,  [] E, or [] F below; or

B  [ ]  Payment to begin immediately (may be combined with [] C, [] D, or [] F below); or

C  [ ]  Payment in equal _ (e.g. equal, weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years) to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D  [ ]  Payment in equal _ (e.g. equal, weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years) to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  []  Payment during the term of supervised release will commence within _(e.g., 30 or 60 days) after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  [ ]  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

  [ ]  Joint and Several

  Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.


  [ ]  The defendant shall pay the cost of prosecution.

  []  The defendant shall pay the following court costs:

  [✔]  The defendant shall forfeit the defendant's interest in the following property to the United States:

Pursuant to Title 18, United States Code, Section 982(a)(1) and Title 31, United States Code, Section 5317(c)(1)(A), the defendant shall forfeit all property, real or personal, involved in the reporting violations and money laundering offenses, or any property traceable to such property.  The property to be forfeited includes, but is not limited to, the following: **$632,097** in United States currency which is currently in possession of the Department of the Treasury, **$220,702.82** contained in the Dow Louisiana Federal Credit Union; and **$3,086.72** contained in the Hancock Bank. It is further ordered that a forfeiture money judgment be issued against the co-defendants, Trang Dang Tran, Katelyn & Claire, Inc., and Alex T, Inc. in favor of the United States in the amount of **$136,575.83**.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.